**SUMMONS ISSUED**

CV-13 1573

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAR 25 2013  ★

BINYAMIN MARKOWITZ on behalf of himself and
all other similarly situated consumers

LONG ISLAND OFFICE

Plaintiff,

-against-

GLASSER, J.

POHORELSKY, M.

MED-REV RECOVERIES, INC.

Defendant.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Binyamin Markowitz seeks redress for the illegal practices of MED-REV Recoveries, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692a(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt purportedly owed to Catskill Regional Medical.

5. Upon information and belief, Defendant's principal place of business is located within Liverpool, New York.

-1-

6.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by
      consumers.

7.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
      1692(a)(6).

### *Jurisdiction and Venue*

8.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
      1331.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
      transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Binyamin Markowitz*

10.   Upon information and belief, on a date better known by Defendant, Defendant began to
      attempt to collect an alleged consumer debt from the Plaintiff.

11.   On or about March 14, 2013, Plaintiff spoke to a representative from MED-REV
      Recoveries, Inc., regarding the alleged debt.

12.   The Plaintiff inquired of the representative as to how he could go about disputing the
      debt.

13.   The representative demanded as to what the Plaintiff's dispute was, and that a mere
      dispute of a debt is not a valid dispute, saying inter alia: "You can't just say that you
      dispute a bill and not say what the dispute is; it's not a valid dispute."

14.   The Plaintiff then requested that the Defendant inform the credit bureaus that he disputes
      the said debt.

15.   The representative replied that the Defendant would not inform the credit bureaus of the

-2-

Plaintiff's dispute, saying inter alia: "What is your dispute? Your dispute is invalid!"

16. Defendant also informed the Plaintiff that he must put his dispute in writing.

The FDCPA does not require the consumer to provide any reason at all in order

to dispute a debt. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002);

Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer

is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason

at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. Ill May 23,

2002). (Imposing a requirement that a consumer have a 'valid' reason to dispute the debt

is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310

(S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill.

May 3, 1999), DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001), Mejia v.

Marauder Corporation., 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that

proof of payment required for dispute).

The FDCPA allows the consumer to orally dispute a debt. Brady v. The Credit Recovery

Company, Inc., 160 F.3d 64 (1st Cir. 1998). (The FDCPA does not limit the time period

for disputing a debt. A consumer can always dispute a debt with a debt collector,

regardless of the passage of time. Credit reporting constitutes an attempt to collect a

debt.), See, e.g., Rivera v. Bank One., 145 F.R.D. 614, 623 (D.P.R. 1993). (A creditor's

report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to

wrench compliance with payment terms from its cardholder"), Matter of Sommersdorf.,

139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320,

1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek

validation to overcome the debt collector's assumption of validity.), See. <u>Rosado v.</u>

<u>Taylor.</u>, 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated §

1692g(a)(3) by requiring that disputes be in writing to prevent the collector from

considering the debt valid. The court noted that oral disputes overcome the assumption

of validity and impose a requirement under § 1692e(8) that the debt collector report the

dispute if reporting the debt to third parties. It is well settled that § 1692g(a)(3) does not

impose a writing requirement on a consumer.), See. <u>Register v. Reiner, Reiner &</u>

<u>Bendett, P.C.</u>, 488 F.Supp.2d 143 (D.Conn. 2007), <u>Jerman v. Carlisle, McNellie, Rini,</u>

<u>Kramer & Ulrich,</u> 464 F.Supp.2d 720 (N.D. Ohio 2006), <u>Baez v. Wagner & Hunt, P.A.,</u>

442 F.Supp.2d 1273 (S.D.Fla. 2006), <u>Turner v. Shenandoah Legal Group, P.C.,</u> No.

3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), <u>Vega v. Credit Bureau Enters.,</u> No.

CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005), <u>Nasca v. GC Servs. Ltd.</u>

<u>P'ship,</u> No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), <u>In re Risk</u>

<u>Mgmt. Alternatives, Inc.,</u> Fair Debt Collection Practices Act Litig., 208 F.R.D. 493

(S.D.N.Y. June 14, 2002), <u>Sambor v. Omnia Credit Servs.</u>, Inc., 183 F.Supp.2d 1234

(D.Haw. 2002), <u>Sanchez v. Robert E. Weiss, Inc.,</u> 173 F.Supp.2d 1029 (N.D. Cal.

2001), <u>Castro v. ARS Nat'l Servs., Inc.,</u> No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y.

Mar. 8, 2000), <u>Ong v. Am. Collections Enter.,</u> No. 98-CV-5117, 1999 WL 51816

(E.D.N.Y. Jan. 15, 1999), <u>Reed v. Smith, Smith & Smith,</u> No. Civ. A. 93-956, 1995 WL

907764 (<u>M.D.La.</u> Feb. 8, 1995), <u>Harvey v. United Adjusters,</u> 509 F.Supp.1218 (D.Or.

1981), <u>Semper v. JBC Legal Group,</u> 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005).

(Collector's must communicate that a debt is disputed. The FDCPA does not give debt

collectors the authority to determine unilaterally whether a dispute has merit.), Purnell v.
Arrow Fin. Servs., LLC, 2007 U.S. Dist. LEXIS 7630, 2007 WL 421828 ( E.D. Mich.
Feb. 2, 2007). (The court stated "Congress has identified as harmful the failure to report
a disputed debt as disputed, and, whatever the wisdom of that policy choice, Congress
did not distinguish between communications that were intended and knowing as
opposed to unintended and automatic. Indeed, the "directly or indirectly" language of
Section 1692a(2) suggests that Congress saw no difference between the two. From the
perspective of a consumer disputing a debt, it similarly matters not how it is that a
dispute marker is lost. The harm inheres in the simple fact that information about an
apparently undisputed debt in that person's name exists in the credit reporting industry,
which can have untold negative consequences for people who engage in commerce."),
Hoffman v. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. Sept.
13, 1993). (The court held that the FDCPA did not require that the consumer notify the
agency of his basis for disputing the debt, or that any stated reason for the dispute had to
be one that would relieve the consumer of any part of the liability for the debt. The
complaint alleged that the consumer notified the collection agency that the debt was
disputed and that the agency did not cease collection of the debt until it obtained
verification of the debt. The complaint was sufficient to allege a violation of 15 U.S.C. §
1692g(b). The court also held that the complaint sufficiently alleged a violation of 15
U.S.C. § 1692e(8) by stating that the agency reported the disputed debt to credit
agencies without disclosing that it had been disputed. The court noted that " There is no
requirement that any dispute be "valid" for this statute to apply; only that there be a

-5-

dispute." Failure to communicate a dispute whether or not valid will violate 15 U.S.C. § 1692e(8) for failure to communicate that a disputed debt is disputed.)

17.     Upon information and belief, MED-REV Recoveries, Inc. and its employee as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

18.     Upon information and belief, MED-REV Recoveries, Inc. and its employees when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason.

19.     Upon information and belief, MED-REV Recoveries, Inc. and its employees when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they refused to report a disputed debt as disputed.

20.     Upon information and belief, MED-REV Recoveries, Inc. and its employee intentionally denied the Plaintiff his dispute rights afforded to him under the FDCPA.

21.     Upon information and belief, MED-REV Recoveries, Inc. and its employee wrongfully stated to the Plaintiff that he could not orally dispute the debt with the MED-REV Recoveries, Inc..

22.     Upon information and belief, MED-REV Recoveries, Inc. and its employee wrongfully stated to the Plaintiff that he could only dispute a debt in writing.

23.     Upon information and belief, MED-REV Recoveries, Inc. and its employee wrongfully stated to the Plaintiff that he must have a reason to dispute a debt.

24.     Upon information and belief, MED-REV Recoveries, Inc. and its employee by

intentionally denying the Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

25.   The MED-REV Recoveries, Inc. employee who spoke with Binyamin Markowitz intended to speak the said words to the Plaintiff.

26.   The acts and omissions of MED-REV Recoveries, Inc. and its employee done in connection with efforts to collect a debt from the Plaintiff were done intentionally and willfully.

27.   Upon information and belief, MED-REV Recoveries, Inc. and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the Defendant purportedly in the validation notice.

28.   As an actual and proximate result of the acts and omissions of MED-REV Recoveries, Inc. and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

29.   During the said March 14, 2013 conversation, the Plaintiff also asked the representative as to how he could have the debt removed from his credit report, and if paying the debt was the only option to cause it to be removed.

30.   The representative responded in the affirmative, saying that the only way to do so would be by paying off the debt.

Shields v. Merchs. & Med. Credit Corp., 2010 U.S. Dist. LEXIS 63639 ( E.D. Mich.

June 28, 2010.) (The court held that the FDCPA prohibits a debt collector from

"communicating or threatening to communicate to any person credit information which

is known or which should be known to be false, including the failure to communicate

that a disputed debt is disputed. "Since one debt collector told the debtor that "the only

way to get this off your credit is to pay your bill,", and another Debt collector told the

debtor that "there's no way to get it off" his credit report, even if he disputed the account

and/or paid the balance. Since there was no dispute that these statements were actually

made by the Debt collectors, the Court found that they violate the FDCPA, as a matter of

law, because the statements are false. The court noted that the as the Debtor points

out, the FDCPA prohibits a credit reporting agency from reporting a collection account

that is over seven years old. The FDCPA also requires credit reporting agencies to

"conduct a reasonable reinvestigation" of a disputed debt and "promptly delete" any

information that is found to be "inaccurate or incomplete. In light of these statutory

provisions the court held the Debt collectors statement to the debtor that "the only way

to get the debt off your credit is to pay your bill" is false; the debt could also come off

the debtors' credit report pursuant to the age-off provision of § 1681c(a)(4) or under the

reinvestigation procedures set forth in § 1681i(a). And the other debt collectors

statement to the debtor that "there's no way to get it off" violates the FDCPA for the

same reason since factual misrepresentations, along with misrepresentations of

consumers' legal rights, violate the FDCPA).

31.     Defendant's said statements were false in violation of 15 U.S.C. § 1692e(10).

-8-

32.   On or about February 27, 2013, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

33.   Said letter stated in pertinent part as follows: "Be advised, if we do not receive the balance as stated, or you fail to contact this office within ten (10) days from the date of this notice, your account may be forwarded to an attorney in your community, with instructions to proceed with action to insure payment of your delinquent account"

34.   Said language is deceptive and misleading as it leads the least sophisticated consumer to believe that he cannot defend the action.

35.   Defendant violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) of the FDCPA, for deceptive and misleading language.

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

36.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty five (35) as if set forth fully in this cause of action.

37.   This cause of action is brought on behalf of Plaintiff and the members of two classes.

38.   Class A consists of all persons whom Defendant's records reflect resided in the State of New York; (a) who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (b) the Defendant denied the Plaintiff the right to dispute the debt orally; and (c) required the Plaintiff to provide a valid reason to dispute; and (d) for failure to communicate that a disputed debt is disputed; and (e) for making false statements in

violation of in violation of 15 U.S.C. §§ 1692e(8) and 1692e(10).

39.　Class B consists of all persons whom Defendant's records reflect resided in the State of

New York and who were sent a collection letter; (a) bearing the Defendant's letterhead

in substantially the same form as the letter sent to the Plaintiff on or about February 27,

2013; (b) the collection letter was sent to a consumer seeking payment of a personal debt

purportedly owed to Catskill Regional Medical; and (c) the collection letter was not

returned by the postal service as undelivered, and that (d) the Defendant violated the

FDCPA, 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) for deceptive and misleading

language.

40.　Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

(a)　Based on the fact that form telephonic messages and form collection letters are at

the heart of this litigation, the class is so numerous that joinder of all members is

impracticable.

(b)　There are questions of law and fact common to the class and these questions

predominate over any question(s) affecting only individual class members. The

principal question presented by this claim is whether the Defendant violated the

FDCPA.

(c)　The only individual issue involves the identification of the consumers who

received such telephonic messages and such collection letters (*i.e.* the class

members). This is purely a matter capable of ministerial determination from the

records of the Defendant.

-10-

(d)     The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

41.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

42.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

43.     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

44.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

-11-

45.     Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff

and the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and

against the Defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

And

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
March 20, 2013

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

-12-

MED REV Recoveries, Inc.
100 Metropolitan Park Drive
P.O. BOX 4712
SYRACUSE, NEW YORK 13221-4712
**PHONE (315) 488-4219**          OUTSIDE SYRACUSE: 1-800-390-9865
FAX (315) 488-4592

BINYAMIN MARKOWITZ                                      Feb 27, 2013
175 WEBSTER AVE
BROOKLYN, NY 11230

| Creditor | Account # | Regarding | Amt. Owed |
|---|---|---|---|
| CATSKILL REGIONAL MEDICAL | 1000172265-0001 | MARKOWITZ,BINYAMIN | 5041.34 |

FINAL NOTICE

Since repeated requests for payment of this debt have been ignored and we
believe the debt to be just and legal,  we strongly urge you to contact
this office IMMEDIATELY!

You will, we are sure, want to avoid further collection action by sending us
your check or money order for the above balance or make specific arrangement
TODAY!

Be advised, if we do not receive the balance as stated, or you fail to
contact this office within ten (10) days from the date of this notice,
your account may be forwarded to an attorney in your community, with
instructions to proceed with action to insure payment of your delinquent
account.

Yours truly,
MED-REV RECOVERIES, INC.

This is an attempt to collect a debt.   Any information obtained will be used
for that purpose.